FILED

MAR 18 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAMUEL J. MAY, | No. 12-16576 |
| Petitioner - Appellant, | D.C. No. 3:12-cv-01367-WHA |
| v. | |
| AMGEN, INC., a Delaware corporation, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted March 10, 2014[**]

Before:     PREGERSON, LEAVY, and MURGUIA, Circuit Judges.

Samuel J. May appeals pro se from the district court's order denying his petition to vacate an arbitration award in his employment action alleging constructive termination in violation of public policy and other claims. We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Accordingly, May's request for oral argument, set forth in his opening brief, is denied.

jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 879 (9th Cir. 2007), and we affirm.

The district court properly denied May's petition because May failed to establish any of the limited grounds on which to vacate an arbitration award under section 10 of the Federal Arbitration Act.  *See id.* (setting forth narrow grounds on which a district court may vacate an arbitration award, such as fraud in the procurement of the award, bias or corruption on the part of the arbitrator, misconduct in refusing to hear evidence, abuse of power, or manifest disregard of the law, and explaining that "mere allegations of error are insufficient" (citation and internal quotation marks omitted)); *see also Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010) (party seeking to vacate an arbitration award "must clear a high hurdle," which is not satisfied even by a showing that an arbitrator committed a "serious error").

Amgen's motion for judicial notice, filed on November 19, 2012, is granted. *See* Fed. R. Evid. 201(b).  May's request to strike Amgen's motion for judicial notice, set forth in his reply brief, is denied.

May's contention that various whistleblower protections, criminal statutes, and constitutional amendments apply to his case are unpersuasive.

We do not address issues raised by May for the first time in his reply brief,

including that he was allegedly denied a full and fair opportunity to litigate, that the arbitration agreement was a contract of adhesion, that he was not allowed to "amend his complaint," and that he was blacklisted. *See Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010) (per curiam).

**AFFIRMED.**